IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| DANIEL HENRY,<br>　Plaintiff,<br>v.<br>COLUMBIA HEALTHCARE–THE ARORA<br>GROUP JOINT VENTURE<br>　Defendant,<br>UNITED STATES OF AMERICA<br>　Defendant/Third-Party Plaintiff<br>v.<br>JON DALE JONES<br>　Third-Party Defendant. | §§§§§§§§§§§ | EP-06-CV-192-FM |
| IVAN JAMES WESTRICK, GINGER<br>WESTRICK, Individually and on behalf of their<br>Minor Children CRYSTAL LYNN WESTRICK<br>and JENNIFER MARIE WESTRICK,<br>　Plaintiffs,<br>v.<br>JON DALE JONES, C.R.N.A., SPECTRUM<br>HEALTHCARE RESOURCES INC. dba<br>DELAWARE SPECTRUM HEALTHCARE<br>RESOURCES, INC., and COLUMBIA<br>HEALTHCARE–THE ARORA GROUP JOINT<br>VENTURE,<br>　Defendants. | §§§§§§§§§§§§ | EP-06-CV-273-FM |
| DIANA HOLGUIN, and HUMBERTO<br>HOLGUIN,<br>　Plaintiffs,<br>v.<br>JON DALE JONES, C.R.N.A., SPECTRUM<br>HEALTHCARE RESOURCES INC. dba<br>DELAWARE SPECTRUM HEALTHCARE<br>RESOURCES, INC., and COLUMBIA<br>HEALTHCARE–THE ARORA GROUP JOINT<br>VENTURE,<br>　Defendants. | §§§§§§§§§§§ | EP-06-CV-277-FM |
| TAMIKA NICOLE JONES, Individually, and on<br>behalf of her Minor child, NATAVIA FOSTER,<br>　Plaintiff,<br>v.<br>JON DALE JONES, C.R.N.A., SPECTRUM<br>HEALTHCARE RESOURCES INC. dba<br>DELAWARE SPECTRUM HEALTHCARE<br>RESOURCES, INC., and COLUMBIA<br>HEALTHCARE –THE ARORA GROUP JOINT<br>VENTURE,<br>　Defendants. | §§§§§§§§§§§§ | EP-06-CV-309-FM |

| | | |
|---|---|---|
| RONALD W. LARRABEE, and EVA J. LARRABEE,<br>    Plaintiffs,<br>v.<br>JON DALE JONES, C.R.N.A., SPECTRUM HEALTHCARE RESOURCES INC. dba DELAWARE SPECTRUM HEALTHCARE RESOURCES, INC., and COLUMBIA HEALTHCARE–THE ARORA GROUP JOINT VENTURE,<br>    Defendants. | §§§§§§§§§§§ | EP-06-CV-310-FM |
| MATTHEW LEE VICK,<br>    Plaintiff,<br>v.<br>JON DALE JONES, C.R.N.A., SPECTRUM HEALTHCARE RESOURCES INC. dba DELAWARE SPECTRUM HEALTHCARE RESOURCES, INC., and COLUMBIA HEALTHCARE–THE ARORA GROUP JOINT VENTURE,<br>    Defendants. | §§§§§§§§§§§ | EP-06-CV-311-FM |
| MICHAEL VANE and LIANE VANE, Individually and on behalf of MATTHEW C. VANE, A Minor Child,<br>    Plaintiffs,<br>v.<br>JON DALE JONES, C.R.N.A., SPECTRUM HEALTHCARE RESOURCES, INC. dba DELAWARE SPECTRUM HEALTHCARE RESOURCES, INC., and COLUMBIA HEALTHCARE-THE ARORA GROUP JOINT VENTURE,<br>    Defendants. | §§§§§§§§§§§§ | EP-06-CV-312-FM |
| STEVEN L. DAMRON and SHANNON R. DAMRON, Individually and on behalf of their Minor Children, TYLER R. DAMRON AND ZACHARY S. DAMRON,<br>    Plaintiffs,<br>v.<br>JON DALE JONES, C.R.N.A., SPECTRUM HEALTHCARE RESOURCES, INC. dba DELAWARE SPECTRUM HEALTHCARE RESOURCES, INC., and COLUMBIA HEALTHCARE-THE ARORA GROUP JOINT VENTURE,<br>    Defendants. | §§§§§§§§§§§§ | EP-06-CV-369-FM |

## ORDER CONSOLIDATING CASES

On this day, the Court considered the above-captioned causes. After carefully considering the pleadings in each, the Court concludes it should consolidate the cases pursuant to Federal Rule of Civil Procedure 42[1] ("Rule 42") because it appears the cases involve common questions of law and fact, and consolidation would serve the interests of justice.

Rule 42(a) is designed to expedite trial and eliminate unnecessary repetition and confusion.[2] The Court has broad discretion under Rule 42(a) to decide whether consolidation is desirable and may even consolidate cases on its own initiative.[3] "Consolidation does not so completely merge the [] cases as to deprive a party of any substantial rights that he may have had if the actions had proceeded separately, for the [] suits retain their separate identities and each requires the entry of a separate judgment."[4]

Given the common questions of law and fact and savings in time and effort for all parties in any future discovery or potential trial in these cases, the Court consolidates Cause Numbers EP-06-CA-192-FM; EP-06-CA-273-FM; EP-06-CA-277-FM; EP-06-CA-309-FM; EP-06-CA-

---

[1] Federal Rule of Civil Procedure 42 provides:

When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

FED. R. CIV. P. 42(a).

[2] *Miller v. U.S. Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984) (citation omitted).

[3] *See In re Air Crash Disaster*, 549 F.2d 1006, 1013 (5th Cir. 1977); *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973).

[4] *Miller*, 729 F.2d at 1036 (citing *Kershaw v. Sterling Drug, Inc.*, 415 F.2d 1009, 1012 (5th Cir. 1969)).

310-FM; EP-06-CA-311-FM; EP-06-CA-312-FM; and EP-06-CA-369-FM. The Court accordingly enters the following orders:

1. The Clerk of the Court shall **CONSOLIDATE** Cause Numbers EP-06-CA-192-FM; EP-06-CA-273-FM; EP-06-CA-277-FM; EP-06-CA-309-FM; EP-06-CA-310-FM; EP-06-CA-311-FM; EP-06-CA-312-FM; and EP-06-CA-369-FM into one case for all purposes.

2. This matter shall henceforth **PROCEED** under Cause Number EP-06-CA-192-FM.

3. It is further **ORDERED** that Plaintiffs confer with Defendants as required by Federal Rule of Civil Procedure 26(f) and Local Court Rule CV-16(c) to submit a scheduling order for the Court's consideration by **December 19, 2008**.

**SO ORDERED.**

SIGNED this 19th day of **November, 2008**.

FRANK MONTALVO
UNITED STATES DISTRICT JUDGE